IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JASON MCWILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 5:09cv115 |
| STATE OF TEXAS, ET AL. | § | |

## DEFICIENCY ORDER

On July 20, 2009, Plaintiff Jason McWilliams filed this lawsuit in the Western District of Texas about being confined in the Bowie County Jail and later in the Texas prison system. He sued the State of Texas, his attorney Jeff Harrelson and Judge John Miller. On July 30, 2009, the complaint was transferred to this Court. It appears that he desired to bring a civil rights lawsuit, although he filled out an EEOC complaint form. He did not submit his claims on the standardized § 1983 civil rights lawsuit form that has been adopted and required by the Court. *See* General Order 97-16. It is therefore

**ORDERED** that the Clerk of Court shall mail a § 1983 lawsuit form to the Plaintiff. It is further

**ORDERED** that the Plaintiff has thirty days from the receipt of this order to fill out the § 1983 form and to submit it to the Court. He should be sure to place the cause number, Civil Action No. 5:09cv115, on the form and all other documents that he submits as part of the present lawsuit. The Plaintiff is placed on notice that the lawsuit may be dismissed if he fails to timely comply with this order.

The Court notes that there are several problems with the lawsuit which the Plaintiff must address when he fills out the civil rights form. The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *See Kentucky v. Graham*, 473 U.S. 159, 167

1

(1985). Judges are likewise immune for their decisions as judges. *See Stump v. Sparkman*, 435 U.S. 349 (1978); *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989), *cert. denied*, 492 U.S. 921 (1989). Moreover, the Plaintiff's attorney may not be directly liable in a § 1983 suit. *See Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983); *Slavin v. Curry*, 574 F.2d 1256, 1265 (5th Cir. 1983). Finally, the Plaintiff may not file a civil rights lawsuit seeking damages about being confined in jail and in prison unless he first proves that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). It does not appear that the Plaintiff has a basis for a meritorious civil rights lawsuit; nonetheless, he should be given an opportunity to submit his claims on the § 1983 lawsuit form and explain why he believes that he should be permitted to proceed with the lawsuit. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994).

The lawsuit is deficient for the additional reason that the Plaintiff failed to pay the filing fee of $350 or submit a signed application to proceed *in forma pauperis*. It is therefore

**ORDERED** that the Clerk shall mail an application to proceed *in forma pauperis* form to the Plaintiff. It is finally

**ORDERED** that the Plaintiff has thirty days from the receipt of this order to either pay the $350 filing fee or fill out, sign and submit the application to proceed *in forma pauperis*. The Plaintiff is again placed on notice that the lawsuit may be dismissed if he fails to comply with this order.

**SIGNED** this 2nd day of October, 2009.

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE